<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

January 14, 2026

Victor M. Urbaez, Esq.
243 Market Street
Paterson, NJ 07505
*Counsel for Plaintiff*

Joshua A. Zielinski, Esq.
Joseph R. Marsico, Esq.
O'Toole Scrivo, LLC
14 Village Park Road
Cedar Grove, NJ 07009
*Counsel for Defendant*

## <u>LETTER OPINION FILED WITH THE CLERK OF THE COURT</u>

Re: *Phang v. City of Paterson Department of Public Works*, Civ. No. 25-06990 (SDW) (JRA)

Counsel:

Before this Court is Defendant City of Paterson Department of Public Works's ("Defendant" or "DPW") Motion to Dismiss Plaintiff Moises J. Phang's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (D.E. 5.) Jurisdiction is proper pursuant to 28 U.S.C. § 1331. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, the Motion to Dismiss is **GRANTED**.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

This Court writes only for the parties and accordingly limits its discussion of the factual and procedural background to only the facts pertinent to the instant decision.

Plaintiff was employed by Defendant in April 2020. (D.E. 1 ("Compl.") ¶ 16.) On June 14, 2023, while cleaning a bathroom, Plaintiff was locked inside by three younger employees and ridiculed about his age. (*Id* ¶ 2.) Plaintiff reported the accident to his supervisor, who stated that the younger employees were joking. (*Id.* ¶ 3.) On June 20, 2023, Plaintiff reported to his

supervisors that the workload was not properly distributed but his supervisors told Plaintiff that "maybe he was too old and should probably quit." (*Id.* ¶¶ 4-5.) On a separate occasion, Plaintiff also overhead two employees speaking about him, and one said, "they are getting that old man out of here one way or another." (*Id.*) On August 17, 2023, Plaintiff's supervisor informed him that a female coworker accused him of sexual harassment. (*Id.* ¶¶ 6-8.) After a disciplinary hearing was held on May 15, 2024, DPW Director William Rodriguez recommended terminating Plaintiff due to the accusations of sexual harassment. (*Id.* ¶¶ 8-10.)

Plaintiff filed the instant lawsuit on April 21, 2025, in the Superior Court of New Jersey, Law Division, Passaic County, which Defendant removed to this Court on June 3, 2025. (D.E. 1, 1-1.) The operative complaint asserts claims for: (1) age discrimination; and (2) age discrimination in violation of the Age Discrimination in Employment Act of 1967 (ADEA). Defendant subsequently filed the present Motion to Dismiss. (D.E. 5.) All briefing was timely completed.

## II.   LEGAL STANDARD

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, federal courts "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff," and determine "whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer*, 605 F.3d at 229. Determining whether a complaint's allegations are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[L]abels and conclusions" or a "formulaic recitation of the elements of a cause of action" are insufficient to withstand a motion to dismiss. *Twombly*, 550 U.S. at 555.

## III.   DISCUSSION

### A. Count I — Age Discrimination

Although Plaintiff cites to the ADEA in Count II, Count I of Plaintiff's Complaint does not cite to any specific statute or other source of law for the claim. To state a claim, a complaint needs only to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "short and plain," this statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (quotations, alterations, and citation omitted).

Plaintiff mistakenly concludes that the Rule 8(a)(2) does not require a plaintiff to identify a legal basis for his claims. However, the Third Circuit has emphasized that to determine the

2

sufficiency of a complaint under the pleading standard, a court must first "take note of the elements a plaintiff must plead to state a claim." *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (citing *Iqbal*, 556 U.S. at 675). This Court cannot take notice of the elements that Plaintiff must plead to state a claim because Plaintiff has not identified the legal basis for his claim. Notably, in his opposition papers, Plaintiff states that he alleges a clear claim for age discrimination but still fails to cite to any relevant legal authority.[1] Simply stating that the claim is for age discrimination is not enough to satisfy the pleading standard as an age discrimination claim may be pursued under several statutes or legal authorities, each that may have different elements to satisfy the claim.[2]

Importantly, because Plaintiff has counsel, his complaint is not entitled to the liberal construction given to *pro se* pleadings. *See, e.g.*, *Giles v. Keamey*, 571 F.3d 318, 322 (3d Cir. 2009) (citing *Haines v. Kemer*, 404 U.S. 519, 520-21 (1972)). As such, this Court will not hypothesize potential causes of action that have not been clearly alleged. Therefore, Count I of Plaintiff's Complaint fails to satisfy the applicable pleading standard and is dismissed.

### B. Count II — Age Discrimination in Violation of the ADEA

Under the ADEA, employers are prohibited from "discharg[ing] any individual or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a prima facie case of age discrimination, a plaintiff must show: "(1) the plaintiff is at least forty years old; (2) the plaintiff suffered an adverse employment decision; (3) the plaintiff was qualified for the position in question; and (4) the plaintiff was ultimately replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive." *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015).

Here, even when accepting Plaintiff's allegations as true, Plaintiff has failed to adequately plead a cause of action for age discrimination in violation of the ADEA. Although Plaintiff alleges that he was replaced by younger employees, his Complaint contains no other allegations supporting an ADEA claim. Plaintiff does not allege that he is at least forty years old, that he was

---

[1] Nonetheless, this would not change the result in any event as "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Janowski v. City of N. Wildwood*, 259 F. Supp. 3d 113, 120 (D.N.J. 2017) (citing *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)).

[2] For instance, age discrimination under the New Jersey Law Against Discrimination (NJLAD) does not have an age requirement to state a claim, while the ADEA does. *See, e.g. Sgro v. Bloomberg L.P.*, 331 F. App'x 932, 938 (3d Cir. 2009) ("[T]o make a prima facie case of age discrimination under the NJLAD, a plaintiff must demonstrate that she (1) is a member of the protected class, (2) was qualified for the position held, (3) suffered an adverse employment action, and (4) ultimately was replaced by a person sufficiently younger to permit an inference of age discrimination.")

3

qualified for the position, and importantly, Plaintiff alleges that he was terminated for sexual harassment accusations and not his age. Therefore, Plaintiff's ADEA claim is dismissed.

### IV.   CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff shall have thirty (30) days to file an amended complaint. An appropriate order follows.

                                       /s/ Susan D. Wigenton
                                    **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
        José R. Almonte, U.S.M.J.