**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MOISES J. PHANG,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PATERSON DEPARTMENT OF PUBLIC WORKS,<br><br>Defendant. | Civil Action No. 25-06990 (SDW) (JRA)<br><br>**WHEREAS OPINION & ORDER**<br><br>September 3, 2026 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon Defendant the City of Paterson's, improperly pled as "City of Paterson Department of Public Works," ("Defendant") Motion to Dismiss (D.E. 20) Plaintiff Moises J. Phang's ("Plaintiff") Amended Complaint (D.E. 11 ("Am. Compl.")) pursuant to Federal Rule of Civil Procedure ("Rule") 16(f), and this Court having reviewed the Defendant's submissions, noting that it is unopposed; and

**WHEREAS** Rule 16(f) authorizes the imposition of sanctions for a party's non-compliance with the Court's pretrial orders. Under Rule 16(f), sanctions at the Court's disposal include, but are not limited to, "striking pleadings in whole or in part;" "dismissing the action or proceeding in whole or in part;" and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A) (enumerating sanctions); Fed. R. Civ. P. 16(f) (incorporating by reference the list set forth in Rule 37(b)); and

**WHEREAS** in *Poulis v. State Farm Fire & Casualty Company*, the Third Circuit recognized that "dismissals with prejudice or defaults are drastic sanctions ... to be reserved for

extreme cases." 747 F.2d 863, 867 (3d Cir. 1984) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). *Poulis* identified six factors a court must generally consider before imposing such sanctions: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Id.* at 868; and

**WHEREAS** although each factor must be applied, this Court may impose a sanction of dismissal even when all six *Poulis* factors are not satisfied. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003); *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). Whether to impose a sanction of dismissal is ultimately a matter of the district court's discretion. *Mindek*, 964 F.2d at 1373;

**WHEREAS** in applying the first factor, this Court cannot determine whether Plaintiff's failure to comply with Court Orders is personally attributable to counsel or Plaintiff alone. However, the second factor, prejudice to Defendant, weighs in favor of dismissing Plaintiff's Amended Complaint. To determine whether a party's failure to meet their litigation responsibilities has caused the opposing party prejudicial harm, a court considers whether the misconduct "imped[es] a party's ability to prepare effectively a full and complete trial strategy." *Ware*, 322 F.3d at 222. Defendant has clearly been prejudiced by Plaintiff's failure to comply with Court orders. Plaintiff's refusal to engage in the discovery process prevents Defendant from obtaining essential information required to defend against Plaintiff's claims; and

**WHEREAS** this Court also finds a pattern of dilatoriness under the third factor as Plaintiff failed to appear before this Court when ordered to do so and refused to engage in the discovery

process. Critically, on June 1, 2026, Plaintiff neglected to appear after Magistrate Judge José R. Almonte ("Judge Almonte") ordered him to show cause as to why his complaint should not be dismissed as a sanction. (D.E. 18.) As a result of Plaintiff's failure to appear, Judge Almonte permitted Defendant to file the instant motion to dismiss. (D.E. 19.) Next, under the fourth factor, Plaintiff has made a willful decision not to prosecute this civil action as demonstrated by his pattern of noncompliance. As to the fifth factor, alternative sanctions would not be appropriate as Plaintiff has demonstrated an apparent lack of desire to prosecute this action, therefore any monetary sanction would be meaningless and ineffective; and

**WHEREAS** as to the final *Poulis* factor related to the meritoriousness of the claims and defenses, Defendant's Motion does not argue that Plaintiff's claims fail as a matter of law or any other defect in pleading. Thus, this *Poulis* factor is neutral. However, "no single *Poulis* factor is dispositive," and "not all of the *Poulis* factors need be satisfied in order to dismiss a [pleading]." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quoting *Ware*, 322 F.3d at 222 and *Mindek*, 964 F.2d at 1373). Accordingly, this Court finds that Defendant's request for dismissal of the complaint is appropriate as a balancing of the *Poulis* factors supports dismissal of the case; therefore

**IT IS**, on this 3rd day of September 2026,

**ORDERED** that Defendant's Motion to Dismiss is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 16 (f).

**SO ORDERED.**

/s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk

cc: Parties
José R. Almonte, U.S.M.J.